

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**JOHN BEN SHEPPERD**
ATTORNEY GENERAL

June 28, 1956

Honorable Tom Reavley
Secretary of State
Capitol Station
Austin, Texas

Opinion No. S-204

Re: Whether to include outstand-
    accommodation notes in the
    formula for computing fran-
    chise taxes due under Article
    7084, V.C.S.

Dear Mr. Reavley:

You have requested an opinion of this office as follows:

"We have a factual situation, the nature of which, we think, requires an official ruling from your office.

"Corporation A, a Texas corporation, owns all of the preferred stock and approximately 95% of the common stock of another Texas corporation which, for convenience, we shall call corporation B. In the latter part of 1953 corporation B attempted to arrange for certain temporary financing to construct an office building. Proposals were made to lending institutions that a line of credit be established for corporation B with a guaranty by corporation A, if necessary. The lending institutions declined to make any loan to B alone and insisted that any loan be made directly to A, because of doubt as to the validity of a guaranty arrangement. Loan agreements were concluded, and two lending institutions made loans directly to corporation A. These loans were made over a period of several months, and long-term written evidences were executed by A.

"The funds received by A were deposited to its bank account and on the same or next day advanced or loaned the money to B. Corporation B executed long-term notes payable to corporation A at the same rate of interest as corporation A's notes to the lenders. The maturity of B's notes is the same as A's notes to one of the lenders, to which said A's note was pledged.

"Corporation A is contending that it was merely a conduit of the borrowed funds, all of which were expressly traceable into and used by corporation B.  A is urging that the arrangement was made necessary entirely by the require- ments of the lenders.

"In view of the foregoing facts, as well as the provisions of Article 7084, please give us your opinion covering the following questions:

"(1) Is corporation A alone liable for the fran- chise tax on its notes to the lenders?

"(2) Or, is only corporation B liable for the franchise tax on its note or notes to corporation A, and would corporation A then be permitted to exclude from taxable capital the indebtedness represented by its notes to its lenders?

"(3) Or, do both corporations owe the franchise tax on the notes each corporation executed, re- gardless of the purpose for which said notes were executed? "

Article 7084, Vernon's Civil Statutes, levies a fran- chise tax against corporations based upon that proportion of the outstanding capital stock, surplus and undivided profits, plus the amount of outstanding bonds, notes and debentures as the gross receipts from the business done in Texas bear to the total gross receipts of the corporation.   (Outstanding notes include all written evidences of indebtedness which bear a maturity date of one (1) year or more from date of issue.)

Article 7089, V.C.S., provides that all corporations required to pay a franchise tax shall, between January 1 and March 15 of each year, make a report to the Secretary of State on forms furnished by that officer, showing the condition of the corporation on the last day of the preceding fiscal year. Said report shall give the cash value of all gross assets of the corporation, the amount of its authorized capital stock actually subscribed and the amount paid in, the surplus and un- divided profits or deficit, if any, the amount of mortgage, bonds and current indebtedness.

Both corporations A and B owe the franchise tax based upon the notes each corporation executed, regardless of the purpose for which said notes were executed, because there are no provisions for exemption of such notes due by corporations in Title 122, Chapter Three, V.C.S., or elsewhere in our statutes. The fact that corporation A loaned the money to corporation B which was obtained by its note, and did not use this money in its business is immaterial. A. B. Frank & Co. v. Latham, 145 Tex. 30, 193 S.W.2d 671 (1946), Riveroaks Development Corp. et al. v. Shepperd, Secretary of State, 246 S.W.2d 236, (Tex.Civ. App. 1952, error ref.) and Gulf, Colorado and Santa Fe Railroad Company v. C. E. Fulgham, Secretary of State, et al. 288 S.W.2d 811 (Tex.Civ.App. 1956, error ref.)

In A. B. Frank & Co. v. Latham the stock had been purchased by the corporation and was in effect retired. In Riveroaks Development Corp. et al. v. Shepperd the notes were held to be outstanding even though the corporation had contracted to sell the property. In Gulf, Colorado and Santa Fe Ry. Co. v. Fulgham, the $5,259,895.87 was properly considered as surplus for franchise tax purposes, even though it would not increase the corporation's revenue. None of these corporations were receiving revenue from these items, yet the courts in all three cases held that these items were to be used for the purpose of computing the franchise taxes. The fact that the stock, the notes, and the surplus were not being used in the respective corporations' businesses to gain revenue was immaterial. The stock, the notes, and the surplus were held to be a part of the cash value of the respective corporations under the provisions of Article 7089.

The contention of corporation A that it was merely a conduit of the borrowed funds, all of which were expressly traceable into and used by corporation B, and that the arrangement was made necessary entitely by the requirements of the lenders is immaterial. The only question necessary to be considered here is whether the notes are outstanding obligations due by both corporations within the purview of the franchise tax statutes of this State. Both corporations are still liable on these notes as they have not been paid, discharged or released. They are still in existence and constitute a liability of both corporations. The notes are long-term notes within the purview of Article 7084, V.C.S.

Riveroaks Development Corp. v. Shepperd, Secretary of State, et al, 246 S.W.2d 236 (Tex.Civ.App. 1952, error ref.)

It is unnecessary to answer questions (1) and (2) as question (3) is answered in the affirmative.

## SUMMARY

The outstanding notes of a corporation, regardless of the purpose for which said notes were executed, should be included in the formula for computing the franchise tax due by the corporation under Article 7084, V.C.S.  That they were accommodation notes is immaterial.

Yours very truly,

JOHN BEN SHEPPERD
Attorney General of Texas

APPROVED:

W. V. Geppert
Taxation Division

Mert Starnes
Reviewer

BY: *Henry Gates Steen*

:Henry Gates Steen
Assistant

J. C. Davis, Jr.
Reviewer

L. W. Gray
Special Reviewer

Davis Grant
First Assistant

John Ben Shepperd
Attorney General